Jack W. Fiander
Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, # 97
Yakima, WA 98908
(509) 91-0096
towtnuklaw@msn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOOBSHUDUD a.k.a. JACK FIANDER, an enrolled Yakama,<br><br>Plaintiff,<br><br>v.<br><br>JACOBS TOBACCO COMPANY, a cigarette manufacturer,<br><br>Defendant. | NO.<br><br>COMPLAINT IN A CIVIL ACTION |

## I. INTRODUCTION

1. This is an action for trademark infringement and related claims arising from defendant's use of the name of plaintiff's tribe on cigarette products.

3. By their actions, defendant has attempted to capitalize in its business and gain goodwill by confusing customers into believing that the Yakama Nation, of which plaintiff is a member, supports, endorses, manufactures or is otherwise associated with defendant's product. This is particularly important

COMPLAINT - 1

because, on information and belief, the product is primarily sold commercially on Indian reservations in New York.

## II. JURISDICTION AND VENUE

3. This is an action arising under 15 U.S.C. §§ 1114, 1125, New York State General Business Law §349, and common law governing conversion of another's property.

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 in that it involves a federal question arising under federal trademark statutes and regulations of the United States Food and Drug Administration.

5. The Court also has jurisdiction under 28 U.S.C. § 1332 in that plaintiff and defendant are citizens of different states and the amount in controversy exceeds $70,000.

6. The Court further has jurisdiction under 28 U.S.C. § 1331 in that this is a civil action that involves a case arising under the Constitution, Laws or Treaties of the United States. In particular, the Yakama Treaty of 1855 which conferred the name Yakama upon each and every member of the tribes and bands signatory to the Treaty.

6.A. The Court has pendant or ancillary jurisdiction over plaintiff's state law claim of an unfair or deceptive trade act or practice prohibited by New York law.

COMPLAINT - 2

7. Venue is proper in that plaintiff resides or is domiciled in this district, the harm caused by the taking of plaintiff's name occurs in this district, the defendant engages in commercial relations with persons within this district and a substantial part of the facts giving rise to this complaint arose in this district.

### III. PARTIES

8. Plaintiff is an enrolled member of the Yakama Nation, a federally recognized Tribal nation situated in the Eastern District of Washington, with an address of 5808A Summitview Avenue, Yakima, WA 98908. Plaintiff is a beneficiary of the Yakama Treaty.

9. Defendant is a cigarette manufacturer and/or distributor situated in Awkwasasne, New York.

### IV. FACTS GIVING RISE TO THIS ACTION

10. On June 9, 1855 a treaty was executed between the United States government and fourteen bands and tribes, the names of which are enumerated in the Preamble to such treaty.

11. The Treaty states as follows:

> Articles of agreement and convention made and concluded at the treaty-ground, Camp Stevens, Walla-Walla Valley, this ninth day of June, in the year one thousand eight hundred and fifty-fire, by and between Isaac I. Stevens, governor and superintendent of Indian affairs for the Territory of Washington, on the part of the United States, and the undersigned head chiefs, chiefs, headmen, and delegates of the Yakama, Palouse, Pisquouse, Wenatshapam,

> Klikatat, Klinquit, Kowwas-say-ee, Li-ay-was, Skin-pah, Wish-ham. Shyiks, Ochechotes, Kah milt-pah, and Se-ap-cat, confederated tribes and bands of Indians, occupying lands hereinafter bounded and described and lying in Washington Territory, *who for the purposes of this treaty are to be considered as one nation, under the name of ""Yakama,""* with Kamaiakun as its head chief, on behalf of and acting for said tribes and bands, and being duly authorized thereto by them.

12 Stat. 951 (1859) (emphasis added).

12. The Yakama Nation has registered its name in various forms, all of which included the name Yakama, with the United States Trademark and Patent Office on at least 9 occasions, most of which trademarks remain active.

13. In 1994, by resolution of the Yakama Nation Tribal Council, the official spelling of the word "Yakima" was changed to "Yakama." The Yakama Nation is the only known Tribe or governmental entity which bears this name, other than enterprises owned by the Tribe such as Yakama Legends Casino and Yakama Nation Land Enterprise.

14. 83 Federal Register 4235 (published January 30, 2018) contains the official listing of all Indian tribal nations recognized by the United States Secretary of Interior. Yakama is part of the official name of the Yakama Nation.

15. The governing body of the Yakama Nation has never authorized or licensed any other person or entity to use its name.

16. As demonstrated by Exhibit A attached hereto, on information and belief, defendant manufacturers for retail sale cigarettes which bear the name Yakama. Such cigarettes are sold on tribal reservations in the state of New York and to tribal and nontribal customers within and without Indian Country.

17. The use of such name is deceptive in that it implies that the products are a product of the Yakama Nation. Yakama is the official name of the Yakama Nation and the use of the tribe's name is likely to deceive consumers to believe it is a product of the Yakama Nation.

18. On information and belief, neither plaintiff nor similarly situated members of plaintiff's tribe have allowed any person or entity to utilize its name.

19. The appropriation and use of the name Yakama under the above facts violates 15 U.S.C. § 1114 (1) (a).

20. Section 1140.16 (a) of the regulations of the U.S. Food and Drug Administration, 21 C.F.R. 1140 *et seq.*, states as follows:

> Restriction on product names. A manufacturer shall not use a trade or brand name of a nontobacco product as the trade or brand name for a cigarette or smokeless tobacco product, except for a tobacco product whose trade or brand name was on both a tobacco product and a nontobacco product that were sold in the United States on January 1, 1995.

COMPLAINT - 5

21. Although the name Yakama has appeared on Yakama tribally manufactured products subsequent to 1994, the brand name was never on a tobacco product.

Consequently its use by a manufacturer on tobacco products violates federal regulations.

## V. FIRST CAUSE OF ACTION

Defendant's conduct constitutes Theft or Conversion in that defendant has, without lawful authority, taken or appropriated the name "Yakama" which denotes every member of the Yakama Nation, including Plaintiff, and converted to defendant's use for commercial gain.

## VI. SECOND CAUSE OF ACTION

Defendant's conduct constitutes Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, as construed under general federal common law.

Plaintiff, as one of 10,000+ enrolled Yakama co-owners and bearers of the name Yakama have standing to maintain a civil action for the taking of their tribal name and misusing it for commercial gain.

## VI. THIRD CAUSE OF ACTION

Defendant's conduct is an unfair and deceptive trade act or process in violation of New York General Law §349 in that it misleads consumers into believing the product is a Yakama product.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff, a Yakama Indian, prays that this Court:

    1. Restrain and enjoin defendant from manufacturing, advertising or distributing cigarettes or tobacco products bearing the name Yakama.

    2. Destroy all products in defendant's inventory, whether sold or unsold.

    3. Require defendant to provide an accounting and to disgorge any and all profits.

    4. And enter such other and further relief as is just and equitable.

DATED this __14__ day of October, 2019.

Respectfully submitted,

S/*Jack W. Fiander*

_____
Toobshudud or dx$^w$ tux$^w$kwi atkin
JACK W. FIANDER
WSBA # 13116
Yakama # 4261

## CERTIFICATE OF SERVICE

COMPLAINT - 7

I hereby certify that on October <u>14  </u>, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to any attorneys of record and the defendants.

                                    /s/      J Fiander

COMPLAINT - 8

Exhibit A





COMPLAINT - 9